In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00204-CV**

_____

**IN THE INTEREST OF J.W. AND J.W**

On Appeal from the County Court at Law No. 3
Montgomery County, Texas
Trial Cause No. 18-07-09683-CV

**MEMORANDUM OPINION**

Adam[1] appeals pro se the trial court's order on modification in this suit affecting the parent-child relationship. In the modification order, the trial court, among other things, named Adam and his ex-wife, Kim, joint managing conservators over their children, J.W. and J.W., ordered Adam to pay Kim monthly child support, and found that modification was in the children's best interest.

---

[1] To preserve the parties' privacy, we refer to the parties by using pseudonyms and refer to the children by their initials. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8.

On July 26, 2018, Kim's counsel filed on Kim's behalf a letter to register a foreign judgment wherein counsel made a "formal request to register an order under the Uniform Child Custody Jurisdiction and Enforcement Act, section 152.305 of the Texas Family Code[]" with the Montgomery County clerk's office. Attached to the request were Kim's affidavit and a November 29, 2017 Decree of Absolute Divorce in cause number 60DR-16-2406 in Pulaski County, Arkansas. On September 17, 2018, the Circuit Court of Pulaski County, Arkansas, in cause number 60DR-16-2406, granted and signed a transfer order to Montgomery County.

On October 12, 2018, Kim filed an Original Petition in Suit Affecting the Parent-Child Relationship Seeking Modification of Out-of-State Order. Kim served Adam at his last known address with a Notice of Hearing on Temporary Orders and Order to Appear, but Adam did not appear for the December 12, 2018 trial setting. On December 12, 2018, the trial court signed a Default Judgment Order in Suit to Modify Parent-Child Relationship.

On December 27, 2018, Adam filed in the Montgomery County Court at Law Number 3 a Supplemental Petition to Modify Order and Motion to Modify Parent-Child Relationship. In his petition to modify the prior order, Adam acknowledged the following:

> The order to be modified is entitled Decree of Absolute Divorce and was rendered on November 29, 2017 in Pulaski County, Arkansas.
> . . . .

[Kim] registered the Decree of Absolute Divorce under the UCCJEA on August 16, 2018. The Circuit Court of Pulaski County, Arkansas signed a Transfer Order transferring this matter to Montgomery County, Texas on September 17, 2018. This Court has continuing exclusive jurisdiction over this suit.

On September 16, 2019, the trial court signed an order granting Adam's bill of review and vacated and set aside the default judgment modification order of December 12, 2018.

On January 6, 2020, Kim filed a First Amended Original Petition in Suit Affecting the Parent-Child Relationship Seeking Modification of Out-of-State Order. On May 18, 2020, after a new trial at which both parties appeared, the Montgomery County Court at Law Number 3 signed an Order in Suit to Modify Parent-Child Relationship. The trial court subsequently denied Adam's Motion Vacating Judgement and Dismiss with Prejudice and Motion for Reconsideration. Adam filed his pro se notice of appeal.

Appellant's pro se brief on appeal identifies the following as issues:

(1) The case trial in Arkansas has not yet been concluded. The [sic] was in recess and was await [sic] a September 25th hearing to be concluded. So [Kim] filed a new motion on a pending case.
(2) Texas has no right to take over an ongoing case that had not even yet been ruled on.
(3) I did not agree to have [the] case transferred to Texas [as] it was done [] over my objections. Nor was I properly informed of a hearing that led to a default order being entered against me.
(4) Having not [been] in the state of Texas more than 6 months [Kim] then filed suit in Montgomery County courts, to change the parent child relationship. Neither I nor my representation at the time was

informed of this court hearing and, this then led me having to fight against the default for almost a year.

(5) [D]id the court have the jurisdiction[] at the time of the hearing as noted by the judge. [] This then put me a[t] a great disadvantage as it allowed [Kim] to become the children['s] custodial parent. That is something she was not in Arkansas. I was later granted a bill of review for not being properly informed by the courts, but these are all "Fruit of a Bad Tree."

Appellant asks this Court to vacate the current Montgomery County Court at Law judgment, to transfer the case to be retried under Arkansas family law and name him as custodial parent or send the case back to Arkansas for a final decision on child custody, and Appellant asks that criminal charges be brought against Kim and her counsel.

We construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) (a reviewing court construes points of error liberally to obtain a just, fair, and equitable adjudication of the parties' rights). Nevertheless, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Pro se parties must comply with the rules governing preservation of error and requiring adequate briefing and citations to the record. *Redmond v. Kovar*, No. 09-17-00099-CV, 2018 Tex. App. LEXIS 925, at **5-7 (Tex. App.—Beaumont Feb.1, 2018, no pet.) (mem. op.) (citing *Ramey v. Fed.*

4

*Home Loan Mortg. Corp.*, No. 14-14-00147-CV, 2015 Tex. App. LEXIS 6039, at *4 (Tex. App.—Houston [14th Dist.] June 16, 2015, no pet.) (mem. op.)); *see also* Tex. R. App. P. 38.1(i). "The appellate court has no duty to brief issues for an appellant." *In re A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied) (citing *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.)).

An appellate brief "'must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *See Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015) (quoting Tex. R. App. P. 38.1(i)). The failure to provide citations, argument, and analysis as to an appellate issue may waive the issue. *Id.* (citing *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010)).

In this case, Appellant's brief identifies five alleged issues, but the brief fails to identify the applicable law or legal standard for each issue and then also fails to explain how the trial court erred with reference to the record or applicable law. Appellant generally challenges the Montgomery County Court at Law's jurisdiction and asserts there are pending issues in the Arkansas court, but then fails to provide record references, legal citations, and analysis applying the facts to the law. The Appellant's brief fails to satisfy Rule 38.1. His brief generally contains bare assertions of error or allegations, and we conclude that he has presented nothing for review on appeal and waived our review of those complaints. *See Washington v.*

*Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (bare assertions of error, without argument or authority, present nothing for review on appeal); *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) ("a point may be waived due to inadequate briefing[]"). We overrule all of Appellant's issues and we affirm the judgment of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on March 17, 2021
Opinion Delivered April 22, 2021

Before Golemon, C.J., Kreger and Johnson, JJ.