**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00327-CV**
_____

**MAURICE MITCHELL, Appellant**

**V.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV32384**

**MEMORANDUM OPINION**

Pro se Appellant Maurice Mitchell appeals from an order dismissing his lawsuit with prejudice and declaring him a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051-.100, 14.001-.014. We affirm.

Procedural Background

On December 26, 2018, Mitchell, then an inmate at the Polunsky Unit of the Texas Department of Criminal Justice (TDCJ), filed a pro se petition against the TDCJ. Mitchell asserted causes of action for theft, illegal garnishment, and deceptive

1

practices, citing multiple sections of the Texas Civil Practice and Remedies Code, Texas Business and Commerce Code, Texas Government Code, Uniform Commercial Code, various rules of the Texas Rules of Civil Procedure, and the Fifth and Seventh Amendments to the U.S. Constitution. According to Mitchell's petition, on July 31, 2018, he was "subject to theft claims . . . in the amount of $1134.92 for court fees and $299.74 from the state indigent supply program." Mitchell's petition conceded that money was taken from his inmate account pursuant to federal court orders assessing $1500 in fees against him in cause numbers 4:13-cv-0192, 4:13-cv-0708 and 4:13-cv-01683. Mitchell also complained of charges on his account by unidentified employees of the Estelle Unit in the amounts of $9.91, $10.52, and $329.99, a $100 withdrawal from his inmate trust account for medical treatment that he says he was exempt from paying under the Government Code, and a $479.15 withdrawal on June 15, 2018.[1] Mitchell sought cancellation of the federal court orders assessing fees from his inmate account, he requested that funds withdrawn from his account be reimbursed, and he asked the that the court declare sections 501.014(c) and 501.063 of the Texas Government Code unconstitutional. Mitchell asserted no statutory law applied to him because he is a "secured party creditor,"

---

[1] No individuals were named as defendants in Mitchell's suit; only the TDCJ was named as a defendant.

"corporate fiction," and "sovereign American national under the Republican form of government."

On May 14, 2019, TDCJ filed a plea to the jurisdiction, motion to dismiss under section 14.003(b)(2) of the Texas Civil Practice and Remedies Code, and a motion to declare Mitchell a vexatious litigant. TDCJ argued that Mitchell's sovereign citizen claim had no arguable basis in law, his theft action was barred by sovereign immunity, TDCJ did not use garnishment proceedings for Mitchell's inmate account for allegedly owed indigent supplies and medical co-payments, TDCJ did not violate Mitchell's due process in taking money from Mitchell's inmate account, Mitchell's constitutional claims fail because Texas nor TDCJ are persons within the meaning of 42 U.S.C. § 1983, Mitchell's claims have no basis in law, Mitchell failed to exhaust his administrative remedies, Mitchell is a vexatious litigant within the meaning of section 11.054(1)(A) and (C) of the Texas Civil Practice and Remedies Code, and costs should be assessed against Mitchell.

On July 28, 2021, the trial court signed an order dismissing Mitchell's lawsuit and declaring him a vexatious litigant. The trial court found that the allegations in Mitchell's petition did not set forth sufficient facts to support a claim for theft or violation of due process under federal or state law, and the trial court concluded that Mitchell's claims had no arguable basis in law and are barred by sovereign immunity. The court also found that Mitchell had filed eleven pro se lawsuits that

had been finally determined adversely to Mitchell or determined to be frivolous or groundless. The trial court ordered that Mitchell is prohibited from filing new litigation in state court without first obtaining permission from a local administrative judge. In addition, the trial court assessed costs against Mitchell. Mitchell subsequently filed a notice of appeal.

## Issues

Mitchell asserts what he numbers as thirteen issues on appeal. Like his trial court pleadings, his issues and arguments are confusing, lack support in the record, and fail to cite appropriate legal authority. He makes numerous arguments about why the trial court erred. In one argument he contends he is a "registered Corporation" and therefore TDCJ has no right or authority to deduct any funds from his inmate trust fund account. Mitchell claims that he is a "corporate fiction" and "corporate person," that his representative as his "secured party creditor, holder-in-due course" is also making claims on behalf of "the corporate fiction, the flesh-in-Blood Man[] Maurice Mitchell," that Mitchell has "sovereign" status to which statutory law does not apply, his suit is not "exclusively an 'inmate litigation[,]'" he has "d[i]vested the trial court of it[]s statutory jurisdiction" over him, and his suit is not subject to statutory law or Chapter 14. Mitchell argues the trial court erred in finding Mitchell to be a vexatious litigant. And he contends that the trial court erred

4

in dismissing his suit, and that the dismissal without a hearing constituted reversible error.

## Standard of Review

We review the trial court's dismissal of an inmate's claims under Chapter 14 for an abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). "The test for abuse of discretion is not whether, in the opinion of [this Court], the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Appellant bears the burden of overcoming the presumption that the trial court's action was justified. *See Retzlaff*, 94 S.W.3d at 654. If the order of dismissal does not specify the sections of Chapter 14 upon which the trial court relied in granting the dismissal, we will affirm the order if any of the grounds presented to the trial court were meritorious. *See Garza v. Garcia*, 137 S.W.3d 36, 37 (Tex. 2004); *Turner v. TDCJ-ID Allen B. Polunsky Unit*, No. 09-12-00517-CV, 2013 Tex. App. LEXIS 7820, at *3 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.). ("We will affirm the trial court's dismissal if it was proper under any legal theory.") (citing *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990)).

Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). The brief must articulate the issues we are to decide, and it fails to comply with the rules if we must speculate or guess about the appellant's issues. *Lee v. Abbott*, No. 05-18-01185-CV, 2019 Tex. App. LEXIS 3601, at *3 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.*; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine there was error). Even after liberally construing his brief, we conclude that Appellant has failed to satisfy briefing requirements because appellant fails to include "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). That said, in the interest of justice, we address some of Appellant's arguments (as opposed to issues) below.

6

## Jurisdiction of the Court

We first address Mitchell's "sovereign citizen" and corporate fiction contentions that he asserted in his brief. He argues that his "agent" brings claims as a "secured party creditor, holder-in-due course" on his behalf, that Mitchell is a "corporation" or "corporate fiction" that has "sovereign" status to which statutory law does not apply, his suit is not "exclusively an 'inmate litigation[,]'" he has "d[i]vested the trial court of it[]s statutory jurisdiction" over him, and his suit is not subject to statutory law or Chapter 14. Mitchell's alleged sovereign-citizen status or secured-party-creditor status does not mean he is not subject to Texas statutory laws, nor does it exempt Mitchell from the jurisdiction of the Texas courts. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (providing "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts[]"); *Berman v. Stephens*, No. 4:14-CV-860-A, 2015 U.S. Dist. LEXIS 75506, at *5 (N.D. Tex. June 10, 2015) (concluding that an inmate's "reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous[]"); *see also Borne v. State*, 593 S.W.3d 404, 412 (Tex. App.—Beaumont 2020, no pet.) (noting that Appellant's alleged sovereign-citizen status did not mean he should be allowed to violate state laws and did not exempt him from the jurisdiction of the

7

Texas courts; citing to sister state courts that have unanimously rejected "sovereign citizen" arguments).

## Hearing

Mitchell argues on appeal that the trial court erred in failing to afford him a hearing before dismissing his suit. Section 14.003(c) provides that "[i]n determining whether Subsection (a) applies, the court may hold a hearing. The hearing may be held before or after service of process, and it may be held on motion of the court, a party, or the clerk of the court." Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c). The statute states that the trial court "may" hold a hearing, but it does not require the trial court to do so before dismissing a claim. *See* Tex. Gov't Code Ann. § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."); *Presiado v. Sheffield*, 230 S.W.3d 272, 274-75 (Tex. App.—Beaumont 2007, no pet.) (hearing not required for a trial court to determine suit has no arguable basis in law); *Long v. Tanner*, 170 S.W.3d 752, 754 (Tex. App.—Waco 2005, pet. denied) (same); *Retzlaff*, 94 S.W.3d at 654 ("Chapter 14 . . . grants trial courts special power to summarily dismiss prisoner suits, even in the absence of a hearing.").

## Vexatious Litigant

We next address Mitchell's argument in issue three that the trial court erred in finding Mitchell is a vexatious litigant. We review a trial court's declaration of a vexatious litigant for an abuse of discretion. *In re Douglas*, 333 S.W.3d 273, 282

8

(Tex. App.—Houston [1st Dist.] 2010, pet. denied). We "cannot overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). A trial court's findings under section 11.054 are reviewed for legal and factual sufficiency. *See Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). "In reviewing a factual sufficiency challenge, we set aside the trial court's decision only if its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)).

On or before the ninetieth day after the defendant files the original answer, the defendant may move for an order declaring the plaintiff a vexatious litigant and requiring the plaintiff to furnish security before further pursuing the lawsuit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.051. Pursuant to section 11.054, the trial court may declare a plaintiff a vexatious litigant if:

> . . . the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
>
> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:
> (A) finally determined adversely to the plaintiff;
> (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

9

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

*Id.* § 11.054; *see also In re Casey*, 589 S.W.3d 850, 852 (Tex. 2019); *Douglas v. Am. Title Co*., 196 S.W.3d 876, 881-82 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his Affidavit of Previous Litigation, Mitchell listed nine previous pro se filings that have been decided adversely to him or determined to be frivolous or groundless. In the State's motion to dismiss Mitchell as a vexatious litigant, the State listed the following as a summary of Mitchell's litigation history and attached exhibits as evidence of the dispositions in the cases:

1. *Maurice Mitchell v. State of Texas,* Bowie County District Court No. 17C1136005, DISMISSED AS FRIVOLOUS November 30, 2017. Dismissal Order []. No appeal taken.

2. *Maurice Mitchell v. Lisa Harrison, et al.,* No. 4:13-cv-01683 (S.D. Tex. filed June 7, 2013, dismissed as frivolous February 24, 2016). []

3. *Maurice Mitchell v. Lisa Harrison, et al.,* appeal dismissed July 25, 2016 by the Fifth Circuit Court of Appeals, Case No. 16-20287. []

10

4. *Mitchell v. Henderson, et al.,* Civil No. 4:13-CV-192 (S.D. Tex. April 16, 2013) suit filed January 23, 2013, dismissed as frivolous April 16, 2013 and ordering TDCJ to deduct funds from the inmate account of Maurice Mitchell until the filing fee of $350.00 has been paid. []

5. *Mitchell v. Henderson, et al.,* No. 13-20262, 2013 WL 6659745, 54 F.App'x 294 (5th Cir. Dec. 18, 2013) affirming district court's dismissal in No. 4:13-CV-192 and finding that the appeal is frivolous, with the court noting that "[b]oth the district court's dismissal of the complaint as frivolous and our dismissal of the appeal as frivolous count as "strikes" for purposes of the "three strikes" bar under 28 U.S.C. § 1915(g). []

6. *Maurice Mitchell v. Thomas O. Reynolds, et al.,* No. 4:13-cv-0708 (S.D. Tex. filed March 4, 2013, dismissed, summary judgment granted to defendants). []

7. *Maurice Mitchell v. Thomas O. Reynolds, et al.,* 564 F. App'x 82 (5th Cir. April 17, 2014) (affirming #6, issuing sanctions warning and finding Mitchell to have 3 strikes) []

8. *Maurice Mitchell v. William Stephens,* No. 5-14-CV-4, petition for writ of habeas corpus filed September 11, 2013, (E.D. Tex., dismissed November 18, 2014). []

9. *Maurice Mitchell v. William Stephens,* No. 5-14-CV-4, No. 14-41430 (5th Cir. March 31, 2015), appeal dismissed). []

10. *In re Maurice Mitchell,* Nos. 98F0331-202-C, WR-13, 573-11, Petition for Writ of Habeas Corpus dismissed by the Texas Court of Criminal Appeals June 20, 2018. []

11. *Maurice Mitchell v. Cody Webb, et al.* No.4:18-cv-03820 (S.D. Tex. dismissed October 17, 2018) (concluding that "Mitchell is a 'three strikes' inmate who is barred from proceeding in forma pauperis pursuant to section 1915(g)"). []

12. *Maurice Mitchell v. Cody Webb, et al.* No. 18-20791 (appeal dismissed by Fifth Circuit on January 24, 2019). []

11

13. *Maurice Mitchell v. Jeannie Pegoda, et al.* (Harris County District Court No. 201685575, filed April 13, 2017 pending). []

Therefore, the trial court could have concluded that in the seven-year period prior to filing his petition in this lawsuit, Appellant had brought at least five pro se lawsuits that were "finally determined adversely to the plaintiff; [] permitted to remain pending at least two years without having been brought to trial or hearing; or [] determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure[.]" Tex. Civ. Prac. & Rem. Ann. § 11.054. Accordingly, the trial court did not err in declaring Appellant to be a vexatious litigant. *See id.*; *Douglas*, 333 S.W.3d at 282-91.

### Dismissal of the Lawsuit

As for Mitchell's claims that the trial court erred in dismissing his suit, a trial court may dismiss an inmate's suit before or after service of process if it determines that the suit is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). In determining whether the suit is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b).

"In most cases, a trial court cannot dismiss an in forma pauperis lawsuit based on a determination that the lawsuit lacks an arguable basis in fact without having a fact hearing." *Gibson v. Trapp*, No. 09-19-00099-CV, 2019 Tex. App. LEXIS 9574, at *3 (Tex. App.—Beaumont Oct. 31, 2019, no pet.) (mem. op.) (citing *In re Wilson*, 932 S.W.2d 263, 265 (Tex. App.—El Paso 1996, no writ)); *see also Johns v. Johnson*, No.10-03-00388-CV, 2005 Tex. App. LEXIS 1500, at *3 (Tex. App.—Waco Feb. 23, 2005, no pet.) (mem. op.) ("A fact hearing is only necessary if the claim has an arguable basis in law."). However, a trial court does not err under Chapter 14 in dismissing an inmate's claim without a hearing if the inmate's claim has no arguable basis in law. *See Sawyer v. Tex. Dep't of Criminal Justice*, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). "When a trial court dismisses a claim without conducting a hearing, our review focuses on whether the inmate's claim has no basis in law, which is a question of law that we review de novo." *Gibson*, 2019 Tex. App. LEXIS 9574, at **3-4 (citing *Sawyer*, 983 S.W.2d at 311).

All common law torts, including intentional torts, that are asserted against a governmental unit are subject to the provisions of the Texas Tort Claims Act (TTCA). *Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658-59 (Tex. 2008). To state a claim against TDCJ under the Tort Claims Act, Mitchell must show that his claims are within the waiver of sovereign immunity. *See Denson v. T.D.C.J.-*

13

*I.D.*, 63 S.W.3d 454, 459 (Tex. App.—Tyler 1999, pet. denied); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.022. Although the TTCA provides a limited waiver of sovereign immunity for certain claims, it does not waive immunity for claims that arise from intentional torts. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.022, 101.057(2); *see also* Tex. Penal Code Ann. § 31.03(a) (Theft is an intentional act). Here, Mitchell asserted intentional tort claims against TDCJ under the TTCA. The claims Mitchell made do not fall within the limited waiver of sovereign immunity in the TTCA. *Id*.

We conclude the trial court did not err when it dismissed Mitchell's claims because they had no basis in law or in fact. To the extent that Mitchell has raised any other arguments that we have not addressed specifically herein, we conclude his remaining arguments are unintelligible or otherwise inadequately briefed and, accordingly, are overruled.[2]

---

[2] *See* Tex. R. App. P. 38.1(i) (requiring an appellate brief to provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record[]"); *see also Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 578 (Tex. App.—El Paso 2004, pet. denied) (refusing to address seventeen of pro se appellant's eighteen issues because they were "virtually incomprehensible and nonsensical and do not frame any issues for review by this court[]"); *Massey v. Royall*, No. 14-02-01260-CV, 2004 Tex. App. LEXIS 719, at *1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2004, no pet.) (mem. op.) (holding that pro se appellant's incomprehensible issue could not be addressed).

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on June 16, 2022
Opinion Delivered July 14, 2022

Before Kreger, Horton and Johnson, JJ.