**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00193-CV**

_____

**TRENISE PRICE, Appellant**

**V.**

**LENNETH GARDNER SR., Appellee**

On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Cause No. 24CCCV0159

**MEMORANDUM OPINION**

Pro se Appellant Trenise Price ("Appellant," "Trenise," or "Price") appeals from a judgment rendered in favor of Appellee Lenneth Gardner Sr. ("Appellee" or "Gardner") that awarded Gardner $9,683 plus post-judgment interest against Price. We affirm.

## Background

The underlying lawsuit began on October 19, 2023, when Gardner filed his petition against Trenise Price in the Justice Court for Precinct 2 in Jefferson County, Texas. Therein, Gardner stated he was seeking damages of $8,500 for "auto, medical[,] and lost wages" due to an accident Price allegedly caused. Price filed a document with the Justice Court that stated that Trenise Price was not the sole owner of the vehicle involved in the accident, that Trenise had sold the vehicle to Kourtlan, but Kourtlan had not been able to put the vehicle in her name. After a bench trial on January 16, 2024, in which both the plaintiff and defendant appeared, the Justice Court rendered a judgment for Gardner, finding that Gardner had proved the allegations in his petition and ordering that Gardner recover from Price $8,171.64 with interest plus court costs. Thereafter, Price appealed the Justice Court judgment to the County Court at Law.

The County Court at Law No. 1 then held a bench trial on May 16, 2024. Gardner appeared personally and acted pro se, but Price did not appear. The trial court found that proper notice was given. Gardner explained to the trial court that the accident occurred because Price failed to yield, Gardner collided with Price, and Price received a ticket because Price did not have insurance. According to Gardner, he was seeking damages of $9,683 for the cost to repair his vehicle and for hospital bills. After hearing evidence, the trial court rendered a judgment in favor of Gardner

2

and awarded damages of $9,683 against Price plus post-judgment interest. Price then filed a notice of appeal.

Analysis

Price's brief on appeal appears to be from Kourtlan Price—Trenise Price's daughter—and therein she argues, "[i]n my mother's defense, she wants to prove that the vehicle is no longer hers and I Kourtlan Price purchased the vehicle March 30th 2022." The brief also argues that Gardner caused the collision by his failure to yield.

Appellant was pro se in the trial court, and she is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *Sullivan v. Lemonade Ins. Co.*, No. 09-24-00211-CV, 2024 Tex. App. LEXIS 6990, at *8 (Tex. App.—Beaumont Sept. 26, 2024, no pet.) (mem. op.) (citing *Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Id.* (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)). The brief must articulate the issues we are to decide, and a brief fails to comply with the rules if we must speculate or guess about the appellant's issues. *Id.* (citing *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, & 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.)

3

(mem. op.)). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.* at \*\*8-9; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that, in a civil matter, an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine if there was error).

The brief filed on appeal is signed by Trenise Price, however, it appears to have been written by Kourtlan Price. Kourtlan Price, as a non-attorney, may not represent another party in litigation or on appeal because it constitutes the unauthorized practice of law. *See* Tex. R. Civ. P. 7; *Swain v. Dobbs*, 692 S.W.3d 720, 731-32 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.).

That said, an appellate brief must include a concise statement of the issues and a "succinct, clear, and accurate statement of the arguments" supported by citations to the record and to appropriate authority. *See* Tex. R. App. P. 38.1(f), (h), (i). To comply with Rule 38.1, an appellant must cite existing and relevant legal authority and apply the facts to the cited law to show how the trial court committed error. *See id.*; *Golden*, 2022 Tex. App. LEXIS 2988, at \*9 (citing *Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (explaining that the appellant bears the burden of discussing his assertions of error)). An

appellant may forfeit error through her failure to adequately brief. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) ("error may be waived by inadequate briefing[]"). In addition, the appellate record does not reflect that Appellant made her complaints or objections in the trial court. *See* Tex. R. App. P. 33.1 (to preserve error for appeal, a party must make a timely and specific objection and obtain a ruling thereon).

Due to the inadequacy of her brief, and her failure to make any of her appellate complaints known to the trial court, Appellant has waived her complaints on appeal. *See* Tex. R. App. P. 38.1(i); *Golden*, 2022 Tex. App. LEXIS 2988, at **9-10; *see also Fredonia State Bank*, 881 S.W.2d at 284-85; *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error."); *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 580 (Tex. App.—El Paso 2004, pet. denied); *Massey v. Royall*, No. 14-02-01260-CV, 2004 Tex. App. LEXIS 719, at *1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2004, no pet.) (mem. op.) (holding that pro se appellant's incomprehensible issue could not be addressed). We affirm the trial court's judgment. *See Atkins-January v. State Off. of Risk Mgmt.*, No. 09-16-00439-CV, 2017 Tex. App. LEXIS 7330, at *5 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.) (citing *Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 845 (Tex. App.—El Paso 2007, pet. struck)).

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on December 30, 2024
Opinion Delivered January 16, 2025

Before Johnson, Wright and Chambers, JJ.