**In The**

***Court of Appeals***

***Ninth District of Texas at Beaumont***

_____

**NO. 09-22-00439-CV**
_____

**IN THE INTEREST OF A.C., S.C., AND J.C. III**

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 16-10-11665-CV**

**MEMORANDUM OPINION**

Mother appeals the trial court's Default Final Order in Suit to Modify Parent-Child Relationship regarding her three children, A.C., S.C., and J.C. III.[1] Although Mother's brief contains many unsupported assertions of error, the outcome of this appeal depends on two issues: whether the trial court erred when it denied Mother's

---

[1]To protect the privacy of the parties, we use initials for the children and refer to certain other individuals by their relationship to the children. *See* Tex. Fam. Code Ann. § 109.002(d).

1

off-the-record request to attend the final hearing remotely, and whether the trial court erred when it refused to set aside the ensuing Default Final Order. We affirm.[2]

## Background

Mother and Father were married in May 2010 and had three children during their marriage. Mother filed for divorce in October 2016. In March 2018, the trial court granted the parties' divorce, named each parent as a joint managing conservator, named Mother the parent with the right to designate the children's primary residence, and ordered Father to provide support.

In August 2021, the Office of the Attorney General filed a Suit for Modification of Child Support.[3] In June 2022, Father filed a counter-petition to Modify the Parent Child-Relationship asking, among other modifications, to be named the conservator with the right to designate the children's primary residence.

[2]In April 2023, we notified Mother that her brief had been received but not filed because her brief lacked the required certificate of service. When Mother failed to provide a certificate of service, the case was submitted without briefs or oral arguments. As such, in the absence of a brief assigning error for our review, the case was dismissed for want of prosecution on July 13, 2023. *See In the Int. of A.C.*, No. 09-22-00439-CV, 2023 Tex. App. LEXIS 5072 (Tex. App.—Beaumont July 13, 2023); *see also* Tex. R. App. P. 38.8(a)(1); 39.8; 42.3(b); 43.2(f). Subsequently, Mother filed a motion for rehearing, asserting that on May 22, 2023, she emailed a copy of her brief to appellee's counsel on May 22, 2023. On August 16, 2023, we granted Mother's motion for rehearing, and withdrew our opinion and judgment issued on July 13, 2023. *In the Int. of A.C.*, No. 09-22-00439-CV, 2023 Tex. App. LEXIS 7150 (Tex. App.—Beaumont Aug. 16, 2023, no pet.).

[3]The Office of the Attorney General nonsuited its case at the final hearing in October 2022 and is not a party to this appeal.

2

Father also filed a Motion for Enforcement of Possession or Access and Order to Appear. In October 2022, Mother moved to Transfer Venue, and sent a letter to the trial court contending it was in the best interest of the children to reduce Father's physical contact with them. In the letter, Mother alleges Father suffers from mental illness, that their relationship and marriage was riddled with domestic violence at the hands of Father, that Father sexually assaulted her oldest child, and that the children should remain with her in Georgia where she lives with her extended family.

Father and his attorney appeared at the final hearing. Mother did not. The trial court noted on the record that Mother called the court that morning and said she was under the impression she could appear via Zoom, which according to the trial court "was never the case." After the bailiff called three times for Mother in the hallway, Mother did not appear and the court proceeded with the final hearing. During the hearing, the court instructed the bailiff to call for Mother in the hallway again, and when she still did not appear, the court noted on the record that Mother had appeared via Zoom at a July 2022 hearing during which the final hearing was set for October 3 and the parties were notified in open court that beginning September 1, all hearings would be held in-person. The court found Mother had proper notice of the final hearing, had failed to appear, and was in default.

Father and his wife testified at the final hearing. At that time the children's ages were 13, 12, and 10. Father testified he had not seen his children since January

3

2022. Father stated he does not know where his children are, and Mother did not tell him she moved until after the fact. According to Father, he has filed multiple enforcements regarding his possession or access to his children and hired investigators to find Mother and the children. Father testified there have been no findings of family violence precluding him from having access or possession to his children. Father believed it was in the best interest of his children to be named the conservator to designate the children's primary residence. He stated that in the years since their divorce, the children have experienced long periods of instability with Mother including "jumping around, their living situation had been bad and jumping from school to school." He testified the children's grades are "real bad," and he sees marks on his children's bodies from Mother's boyfriends. According to Father, Mother denies "[e]verything[.]" He testified he can take care of his children in his home, noting they would have their own rooms at his home.

Father's wife testified she has been married to Father for two years, and she supports his decision to have his children in their home. She testified she has a job and would be able to help Father take care of the children, including their educational and medical needs. She acknowledged seeing bruises on the children but testified the children did not confide in her regarding their source.

At the conclusion of the hearing, the trial court ordered the parties to remain as joint managing conservators, with Father named as the conservator with the right

to designate the primary residence of the children. The trial court ordered Mother to pay child support.

In November 2022, Mother filed a Motion to Set Aside Default Judgment and Notice of Hearing wherein she alleges:

> I had called in and spoke with the county clerk as well as judge[']s assistant and was told to notify the court that I had an address change and that there were other documents I could file to remedy the issue with me residing in another state. I filed a motion to transfer venue and made the mistake of filing the wrong document. It was my assumption that I needed to do this in order to have the court case transferred to the proper venue due to inconvenient forum. I had also requested a zoom link since I reside in another state and do not currently own a vehicle and am a SNAP recipient. I was told the day of my trial zoom meetings were stopped and the judge had not viewed my motion to transfer venue[.]
>
> […]
>
> I have a meritorious (good) defense to this case[.] My children and I reside in the state of Georgia. We have not been in Texas since January of 2022 when my children and I witnessed [Father] in front of our home which prompted me to have to move immediately due to [Father] trying to kill me in the past and a history of domestic violence. Due to being in a motor vehicle accident in March 2022 I do not own a vehicle. I am also a SNAP [recipient] so I did not have the funds to retain a lawyer nor flight. I am asking the judge to please grant the motion to set aside the default judgement due to good reason listed above.

After the trial court signed an Order Denying [Mother's] Motion to Set Aside Default Judgment, Mother filed this appeal.

**Analysis**

As she did in the trial court, Mother represents herself in this appeal. We liberally construe pleadings and briefs filed by a self-represented litigant. *Giddens v. Brooks*, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied). Nevertheless, a self-represented litigant "is still required to comply with the law and rules of procedure." *Id*. "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *see Ross v. St. Luke's Episcopal Hosp*., 462 S.W.3d 496, 500 (Tex. 2015). A brief does not adequately comply with this rule "if we must speculate or guess about the appellant's issues." *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.). Waiver may result from an appellant's "[f]ailure to provide citations or argument and analysis as to an appellate issue[.]" *Ross*, 462 S.W.3d at 500.

Liberally construed, Mother's brief appears to complain that the trial court should have set aside the Default Final Order because the trial court treated her unfairly when it denied her request to appear at the final hearing via Zoom. Citing Rule 21d, Mother asserts she had good cause to attend remotely because she had no transportation and no money to hire an attorney, and the court had allowed her to attend other hearings remotely in this case. *See* Tex. R. Civ. P. 21d.

"Unless the notice of court proceeding states otherwise, a person who participates in a court proceeding does so by physical presence in the courtroom." *Id*. Although Rule 21d permits a court to hold hearings by videoconference or other electronic means, nothing in the rule requires a court to do so. *See id*.; *In the Int. of J.G.*, No. 02-24-00022-CV, 2024 Tex. App. LEXIS 4148, at *15-16 (Tex. App.—Fort Worth June 13, 2024, no pet. h.) (mem. op.). A party who objects to the trial court's required method of attendance must make the objection "within a reasonable time after the party receives notice of the appearance." Tex. R. Civ. P. 21d. Mother did not do so. Instead, she waited until the morning of the hearing to call the court about attending remotely. By failing to make a timely objection on the record, and by failing to obtain a ruling on the record, Mother failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1 (requiring the record to show a timely objection by the complaining party and a ruling by the trial court). That said, we review a trial court's decision requiring in-person or remote attendance under an abuse-of-

discretion standard, and based on the record before us, we cannot say the trial court abused its discretion if it indeed denied Mother's eleventh-hour request to attend the hearing remotely. *See In the Int. of J.G.*, 2024 Tex. App. LEXIS 4148, at *15; *In the Int. of D.K.*, 696 S.W.3d 787, 796 (Tex. App.—Eastland 2024, no pet.). We overrule Mother's assertion the trial court erred in requiring her personal attendance at the final hearing.

In order to prevail on a motion to set aside a default judgment entered after a party fails to attend trial after having made an appearance in the case, the movant must show their failure to attend was not intentional or the result of conscious indifference, the motion must set up a meritorious defense, and granting the motion must not cause undue delay or injury to the non-moving party. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939); *B. Gregg Price, P.C. v. Series 1 - Virage Master LP*, 661 S.W.3d 419, 424 (Tex. 2023). Although Mother's motion to set aside the default judgment explains why she believes she had good cause to attend the hearing remotely, it does not explain how her failure to attend the hearing was a mistake or accident, nor does it contain any facts indicating that granting the motion would not cause undue delay or injury to Father. On appeal, Mother's brief impliedly complains of the trial court's denial of her motion but fails to address any of *Craddock's* requirements. Because Mother has not shown the trial court erred in refusing to set aside the Default Final Order, we overrule this issue.

The remainder of Mother's brief fails to satisfy the requirements of Rule 38.1. *See* Tex. R. App. P. 38.1. "To comply with Rule 38.1, an appellant must cite existing and relevant legal authority and apply the facts to the cited law to show how the trial court committed error." *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *7 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.). Aside from leveling various accusations against Father, his attorney, the trial court's staff, and a child support judge, Mother generally complains about the trial court's ordering her to pay child support and designating Father as the parent with the right to designate the children's primary residence (which she erroneously characterizes as taking her parental rights away), but she fails to provide record references, legal citations, and clear and concise arguments supporting her assertions. *Id*. These sections of the brief consist of either bare assertions of error without factual support or assertions of error based entirely on allegations of facts not found in the record. As a reviewing court, "we do not consider factual assertions that appear solely in briefs and are not supported by the record." *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 789 (Tex. 2006). "Bare assertions of error, without argument or authority, present nothing for review on appeal." *Golden*, 2022 Tex. App. LEXIS 2988, at *9. Inadequate briefing may result in waiver. *Id*. Aside from her complaint about the trial court's entering the Default Final Order after she was not permitted to attend the final hearing remotely and her

9

complaint about the trial court's refusal to set the Default Final Order aside, we conclude Mother has waived any other error due to inadequate briefing and has presented nothing for review on appeal. *See* Tex. R. App. P. 38.1. We overrule all such remaining issues.

AFFIRMED.

KENT CHAMBERS<br>
Justice

Submitted on August 13, 2024
Opinion Delivered January 23, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.