**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00306-CV**
_____

**FRANCISCO A. SALINAS HERNANDEZ, Appellant**

**v.**

**MARIA NAMBO AND HECTOR NAMBO, Appellees**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-09-12852-CV**

**MEMORANDUM OPINION**

Appellant, Francisco A. Salinas Hernandez, appeals from a judgment awarding Appellees, Maria Nambo and Hector Nambo, $83,996 in actual damages, $127,992 in statutory damages for knowing and intentional misconduct, and $14,350 in attorney fees. Hernandez, who did not appear at trial, argues the trial court erred in denying his motion for continuance, piercing the corporate veil to hold him personally liable, and denying his motion for new trial. We affirm.

1

# Background

In January 2022, the Nambos saw a Facebook ad offering lots for sale in Splendora, Texas. On January 23, 2022, the Nambos met with Hernandez, who showed them a plat map with 37 lots located at 17451 S. Tram Road, 23 of which were marked "Sold." Hernandez told the Nambos the lots would be part of a new subdivision called Las Palmas which would have a lake and paved roads. He also told them the lots could soon be unavailable because he had other interested clients. On January 24, 2022, the Nambos signed a "Residential Purchase Agreement" for lots 21, 23, 27 and 29, and paid $63,996 by cashier's checks payable to the seller, Sina Maza, LLC. Hernandez is the managing member of Sina Maza, LLC, and signed the agreement on its behalf.

The Nambos never received deeds for any of the lots. In reality, the 6.72 acres of land located at 17451 S. Tram Road was owned by Sina Maza, Inc., not Sina Maza, LLC, and none of the lots existed because the land was never subdivided. When the Nambos repeatedly contacted Hernandez, he would tell them he was having health issues, or that he was in Mexico. On April 12, 2022, Hernandez signed a General Warranty Deed as managing member of Sina Maza, LLC, "who took title as Sina Maza, Inc.," conveying the entire 6.72 acres to Goloxa, LLC. On December 14, 2022, Hernandez signed a General Warranty Deed as managing member of Goloxa, LLC, conveying the property to Black Eye Properties, LLC.

In September 2022, the Nambos sued Hernandez, both Sina Maza entities, and Goloxa, for breach of contract, conversion, fraud, real estate fraud, and violations of the Texas DTPA. Hernandez, who is not an attorney, filed answers for himself and Goloxa. On October 13, 2022, the trial court issued a Docket Control Order, copies of which were emailed to the Nambos' counsel and Hernandez, setting the case for a non-jury trial nine months later, on July 17, 2023. The DCO set a July 3, 2023, deadline for filing a motion for continuance.

On June 30, 2023, the Nambos filed a Joint Notice Filing, indicating their counsel had contacted Hernandez three times in an effort to secure his agreement for the Joint Notice, to no avail. Instead, Hernandez indicated he wanted a continuance because he was sick, in Mexico, and unable to attend trial. According to the Joint Notice, the Nambos objected to any continuance because Hernandez had used the same excuses in the past.

On July 12, 2023, nine days after the deadline, Hernandez filed a Motion for Continuance asserting that he needed time to hire an attorney and that he was "grappling with multiple health problems" making it "unfeasible" for him to participate in trial. The motion included a Notice of Hearing for 9:00 a.m., without indicating a date.

Hernandez did not appear when the case was called for trial on July 17, 2023. The trial court acknowledged Hernandez's Motion for Continuance but declined to

rule on it since it was not set for hearing. After receiving evidence, the trial court signed a Final Judgment awarding the Nambos the $63,996 purchase price, an additional amount of $127,992 (two times the actual economic damages) for knowing and intentional conduct, $20,000 to Hector Nambo for mental anguish, and $14,350 in attorney fees. Hernandez filed a Motion for New Trial which was later denied by written order. Upon the Nambos' request, the trial court entered Findings of Fact and Conclusions of Law. Hernandez then timely appealed.

**Analysis**

Hernandez represented himself in the trial court and does so on appeal. We liberally construe pleadings and briefs filed by a self-represented litigant. *Giddens v. Brooks*, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied). Nevertheless, a self-represented litigant "is still required to comply with the law and rules of procedure." *Id*. "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

In his first issue, Hernandez complains the trial court erred by denying his motion for continuance. To present a complaint for appellate review, our rules first require the record to show not only that a timely request or motion was made to the

4

trial court, but also either that the trial court expressly or implicitly ruled on the request or motion, or that the complaining party objected when the trial court refused to rule. Tex. R. App. P. 33.1.

The record shows Hernandez's Motion for Continuance was untimely because it was filed after the July 3, 2023, deadline even though Hernandez knew before the deadline that he wanted a continuance, having already expressed to the Nambos' counsel on June 30, 2023, that he was sick and in Mexico.

The record does not show the trial court expressly ruled on the motion because it was never set for hearing. That said, even if we were to infer the trial court implicitly denied a continuance by proceeding with trial, we will not disturb a trial court's denial of a continuance in the absence of a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). Under an abuse-of-discretion standard, we defer to any factual determinations made by the trial court so long as they are supported by evidence. *Haedge v. Cent. Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020). The Nambos provided the trial court evidence that Hernandez had previously used similar excuses to avoid their efforts to contact him, from which the trial court may have reasonably concluded Hernandez's proffered excuses for not attending trial were not credible. The trial court also may have reasonably concluded Hernandez had not used diligence in seeking to retain counsel since the case had been set for trial with nine months' notice. The trial court was also within its

5

discretion to deny Hernandez's motion because it was untimely. We overrule Hernandez's first issue.

In his second issue, Hernandez complains that the trial court erred by denying his Motion for New Trial. Hernandez relies entirely on *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922 (Tex. 2009), in which the Texas Supreme Court applied the factors set out in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939), to reverse a post-answer default judgment where the defendant's attorney had provided evidence of a credible explanation for why he mistakenly believed the trial court would postpone trial: he had taken steps to notify the court that he was already in trial in another court in another county. *Lerma*, 288 S.W.3d at 926.

Based on its holding in *Craddock*, the Texas Supreme Court in *Ivy v. Carrell*, 407 S.W.2d 212, 213-14 (Tex. 1966), announced the rule that a party may obtain a new trial if his failure to appear for trial was neither intentional nor the result of conscious indifference and his motion for a new trial "sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." Hernandez's unverified Motion for New Trial does not establish each of these factors.

In its Order Denying Motion for New Trial, the trial court found Hernandez made a conscious decision not to appear for trial despite failing to get a ruling on his motion for continuance. Based on the record before us, we cannot say the trial court

6

abused its discretion in so finding. *See In re Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021) ("A trial court's denial of a motion for new trial is reviewed for abuse of discretion."). That said, even if we were to accept that Hernandez believed his tardy, ungranted motion for continuance somehow unilaterally relieved him of the obligation to appear for trial, his motion for new trial fails to set up a meritorious defense. The only defense mentioned in the motion is that "these claims are entirely against the LLC and not against [Hernandez] personally" because "no payment or benefit was ever provided to [Hernandez] directly." As discussed below, this is not a meritorious defense, because under Texas law, Hernandez is personally liable for his own torts. Lastly, Hernandez's Motion for New Trial fails to address, much less establish, that granting a new trial would not cause undue delay or injury to the Nambos. Because Hernandez's Motion for New Trial fails to establish all three elements, the trial court did not abuse its discretion by denying the motion. We overrule Hernandez's second issue.

In his third issue, Hernandez claims the Nambos and their counsel testified falsely at trial and during a post-trial hearing regarding Hernandez's alleged inability to pay for the appellate record. Hernandez's third issue presents nothing for our review because it does not assign error to the trial court. Even if we were to construe this issue as assigning error, Hernandez did not preserve any such error by making any similar complaint in the trial court and obtaining a ruling. Tex. R. App. P. 33.1.

7

In this Court, Hernandez attempts to show the testimony in question is false by injecting new "facts" in his brief which do not appear in the record. "[W]e do not consider factual assertions that appear solely in briefs and are not supported by the record." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006). We overrule Hernandez's third issue.

In his fourth and fifth issues, Hernandez argues the trial court erred in piercing the corporate veil and holding him personally liable because the Nambos' contract was with Sina Maza, LLC, not Hernandez. The judgment does not depend on a breach of contract by Hernandez nor on any veil-piercing theory, because the trial court found Hernandez personally liable for his own tortious conduct. "Under well-settled Texas common law, individuals are personally liable for torts they commit as corporate agents." *Keyes v. Weller*, 692 S.W.3d 274, 275 (Tex. 2024). The trial court's Findings of Fact and Conclusions of Law include,

> [Finding of Fact] 11. Francisco Salinas Hernandez engaged in fraud in his dealings with Maria Nambo and Hector Nambo by materially misrepresenting that he would convey, on behalf of Sina Maza, LLC – a company which did not even own the Property – real estate with no intention of ever doing so. Maria Nambo and Hector Nambo reasonably relied upon those misrepresentations.

> [Finding of Fact] 12. Francisco Salinas Hernandez personally, and as agent for Sina Maza Inc, Sina Maza LLC, Yardeno LLC and Goloxa LLC is a party to this Residential Purchase Agreement transaction with Maria Nambo and Hector Nambo. He is the key operator and the one who made multiple misrepresentations to the Nambos. He is personally liable for his own actions.

8

. . .

> [Conclusion of Law] 8. Under Rule 301, Maria Nambo's and Hector Nambo's highest and best recovery is under the DTPA and the statutory real estate fraud claim (because both permit a recovery of attorney's fees and some form of punitive damages – up to treble per the DTPA and the same as for common law fraud per statutory real estate fraud.

Hernandez does not challenge Findings 11 or 12, and as outlined above, they are supported by evidence in the record. "We defer to unchallenged findings of fact that are supported by some evidence." *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014). We overrule Hernandez's fourth and fifth issues.

## Conclusion

Having overruled all of Hernandez's issues, we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on March 26, 2025
Opinion Delivered May 29, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.