**James E. GIDDENS, Appellant,**

v.

**Karen BROOKS, M.D. and Memorial Medical Center of East Texas, Appellees.**

No. 09–01–142 CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 15, 2002.

Decided Dec. 19, 2002.

James E. Giddens, Tennessee Colony, pro se.

R. Scott Fraley, Maria Wormington, Fraley, Fraley & Wentz, LLP, and Robert T. Cain, Jr., Zeleskey, Cornelius, Hallmark, Roper & Hicks, LLP, Lufkin, for appellees.

Before WALKER, C.J., BURGESS and GAULTNEY, J.J.

## OPINION

DAVID B. GAULTNEY, Justice.

The trial court dismissed with prejudice this medical malpractice suit because the plaintiff, James E. Giddens, failed to produce an expert report supporting his claim. Appellant Giddens broke his jaw in a motor vehicle accident in July 1998 and thereafter sued Dr. Karen Brooks and Memorial Medical Center of East Texas ("Hospital") regarding his medical treatment. He alleges that Brooks negligently failed to diagnose and treat the jaw injury, and that it was not until some weeks after the accident that another physician correctly diagnosed the fracture and performed the necessary corrective surgery. On appeal Giddens asserts the trial court abused its discretion when it dismissed his suit for failing to comply with the requirements of the Texas Medical Liability and Insurance Improvement Act. He maintains he complied with the Act by timely filing medical reports and medical records. Giddens also maintains the trial court erred in denying his request to appear at the hearing on the appellees' motions to dismiss his suit.

### The Expert Report

■ Within 180 days of filing suit, a plaintiff claiming medical malpractice must produce an expert report detailing the basis for the claim. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i § 13.01(d) (Vernon Supp. 2003). The expert report must provide a fair summary of the expert's opinions concerning the applicable standard of care, the manner in which the care failed to meet the standard, and the causal relationship between that failure and the injury, harm, or damages claimed. *See* Tex.Rev. Civ. Stat. Ann. art. 4590i § 13.01(r)(6) (Vernon Supp.2003); *American Transitional Care Ctrs. of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 878–79 (Tex.2001). When, as here, a trial court dismisses a suit for failure to comply with the report requirement, an appellate court will not reverse its decision unless the dismissal constitutes an abuse of discretion. *Id.* at 877.

■ Giddens attempted to satisfy the report requirement by filing medical records. But the material he filed does not constitute an "expert report." To his motion objecting to appellees' motions to dismiss his suit, he attached "Progress Notes" from the Hospital, "Nurses Triage Assessment," doctor's report on CT scan of head, doctor's report on x-ray of jaw, Dr. David Bailey's "Report of Operation," and Dr. Bailey's "History and Physical," "New Patient Visit," and "Established Patient Visit" records on Giddens. The records do not at any point state a standard of care, the manner in which the care failed to meet the standard, or any causal relationship between the alleged failure and the injury. The medical reports and other records simply report medical treatment. An expert report must include the required information within its four corners. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 53 (Tex.2002). The records and notes filed by Giddens do not, as a matter of law, satisfy the requirements of section 13.01(d),(r)(6) of article 4590i.

■ Giddens contends he should be given leeway because he is a *pro se* litigant. While it is true that *pro se* pleadings and briefs are to be liberally construed, a *pro se* litigant is still required to comply with

the law and rules of procedure. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52–53 (Tex.App.-San Antonio 1999, pet. denied). Giddens was required to comply with article 4590i, and he did not.

ATTENDANCE AT THE DISMISSAL HEARING

▆ Raising due process grounds under the Texas Constitution, Giddens also complains of the trial court's failure to grant his request to attend the motion to dismiss hearing. *See* TEX. CONST. art. I, §§ 13, 19. An appellate court reviews a trial court's determination of whether an inmate should personally attend proceedings under an abuse of discretion standard. *See Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex.App.-Texarkana 1994, writ denied). A litigant may not be denied access to the courts simply because he is an inmate. *See Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). However, there is no absolute right for an inmate to appear in court in a civil case. *See Armstrong*, 881 S.W.2d at 56. In determining whether an inmate should attend court proceedings, the trial court, with a goal of achieving a balance that is fundamentally fair, balances the State's interest in preserving the integrity of the correctional system with the inmate's right of access. *Aguilar v. Alvarado*, 39 S.W.3d 244, 248 (Tex.App.-Waco 1999, pet. denied). Some factors the trial courts may consider, when determining whether an inmate's attendance is necessary, include the following: (1) the cost and inconvenience of transporting the inmate to the court; (2) the security risk and danger to the court and the public by allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, non-cumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits. *Id.*

▆ Here, the trial court had before it two motions to dismiss Giddens' petition; the motions were both based on Giddens' failure to file the expert report required by section 13.01(d),(r)(6) of article 4590i. The record reveals Giddens did not file an expert report that complied with the statutory requirements. *See* art. 4590i § 13.01(r)(6). Giddens' presence at the hearing would not have altered this failure to comply with the law. There being no expert report on file, Giddens' attendance at the motion to dismiss was unnecessary. Dismissal of his suit was required by statute.

The judgment is affirmed.

AFFIRMED.