In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-447 CV


____________________



DORIS POLLARD, Appellant



V.



WALGREEN CO. AND MICHAEL BARNES, Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-175,995






MEMORANDUM OPINION



 Doris Pollard appeals the dismissal of her personal injury claims against Walgreen Co.
and Michael Barnes. Pollard alleged that Barnes, a pharmacist at a Walgreen pharmacy,
negligently filled her prescription with the wrong medication. Walgreen and Barnes moved
to dismiss on the grounds that Pollard failed to file an expert report under the Medical
Liability Act. (1) On appeal following dismissal of her claims, Pollard contends that (1) the
trial court abused its discretion by not allowing three pages of medical records attached to
her notice of suit to serve as her expert medical report, (2) because the medical records
served as her expert report, the defendants failed to timely object to deficiencies in the report,
(3) the trial court abused its discretion by not enlarging the time for filing the expert report
following Hurricane Rita, and (4) the trial court abused its discretion by not giving Pollard
an additional thirty days to cure the deficiencies in her expert reports. We affirm.

 Pollard contends that her January 13, 2004, notice of claim letter triggered her
obligation to file an expert report and that she satisfied that obligation by attaching to the
notice letter three pages of records from her visit to a hospital emergency room following
ingestion of the medication obtained from Walgreen. Citing American Transitional Care
Centers of Texas, Inc. v. Palacios, 46 S.W.3d 873, 878-79 (Tex. 2001), Pollard argues that
the trial court abused its discretion by failing to find that her action in attaching the records
to her notice of claim represented a good faith effort to provide a fair summary of the
expert's opinions. The appellees argue that the trial court acted within its discretion because
the act of attaching hospital records to a notice of claim letter does not represent an objective
good faith effort to comply with the statutory definition of an expert report. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(l).

 "'Expert report' means a written report by an expert that provides a fair summary of
the expert's opinions as of the date of the report regarding applicable standards of care, the
manner in which the care rendered by the physician or health care provider failed to meet the
standards, and the causal relationship between that failure and the injury, harm, or damages
claimed." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6). In Anglin v. Marrero, we
held that medical records reporting subsequent treatment by other doctors were not the expert
report required by Section 74.351. Anglin v. Marrero, No. 09-05-198 CV, 2006 WL 665865
(Tex. App.--Beaumont Mar. 16, 2006, no pet.)(mem. op.)(citing Giddens v. Brooks, 92
S.W.3d 878, 880 (Tex. App.--Beaumont 2002, pet. denied)). Pollard's records do not name
the pharmacist or the pharmacy, do not state the standard of care, and do not state within
reasonable medical probability that Pollard's injuries were caused by Barnes incorrectly
filling Pollard's prescription. The records recite symptoms (chest pain, edema, nausea and
vomiting) and state an impression of digoxin toxicity secondary to pharmacy error, but do
not state that the symptoms resulted from digoxin toxicity and do not rule out the pre-existing
conditions noted on the records as a cause of the symptoms. The records were apparently
signed by a cardiologist and a nurse, but Pollard presents no curricula vitae. The trial court
did not abuse its discretion in ruling that Pollard did not make a timely good faith attempt to
provide an adequate expert report. We overrule issue one.

 In her second issue, Pollard argues the appellees waived their objections to the expert
report by failing to make a timely objection to the records as an expert report. Since she
argues in her first issue that she served her expert report by attaching the hospital records to
the notice of claim letter that Pollard mailed to the Walgreens Pharmacy where she purchased
the prescription, we assume Pollard is arguing that Barnes and Walgreen were required to
file an objection by February 4, 2004. As we have determined that the trial court did not
abuse its discretion in ruling that the records attached to the pre-suit notice letter were not an
expert report pursuant to Section 74.351, Barnes and Walgreen were not required to file and
serve objections before the date on which they moved to dismiss the case for failure to file
an expert report. We overrule issue two.

 In her third and fourth issues, Pollard contends that the trial court abused its discretion
by failing to enlarge the time for filing her reports or to give her an additional thirty days to
cure any deficiencies in her expert reports. Pollard filed her original petition on October 17,
2005, the first day that the district clerk's office opened following Hurricane Rita. Pollard
attached an expert report and curriculum vitae of Cleon W. Fowler to a response Pollard filed
168 days later. She did not present an argument regarding hardship or displacement caused
by the natural disaster in her initial response or at the hearing conducted April 4, 2006. 
Pollard raised an argument relating to hardship caused by the natural disaster for the first
time in a response filed on July 18, 2006. During a hearing conducted that day, counsel for
Pollard admitted it had only recently occurred to him that the suit had been filed around the
time of the hurricane. Counsel suggested that he lacked secretarial support when he typed
the original petition, but otherwise presented no evidence to support his general argument for
a hurricane-related extension. Given the lack of evidentiary support that the hurricane-related displacement of the attorney or the pharmacist who provided the expert report was
the reason for the delay, the trial court did not abuse its discretion in failing to either enlarge
the time for submitting an expert report or grant an extension. We overrule issues three and
four.

 We hold the trial court did not err in granting the motion to dismiss filed by Barnes
and Walgreen. Because Section 74.351 of the Texas Civil Practice and Remedies Code
requires a dismissal with prejudice under the circumstances presented in this case, the
judgment of the trial court is affirmed.

 AFFIRMED.



 ______________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on August 23, 2007

Opinion Delivered September 6, 2007


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847,
864 (amended 2005)(current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001-507
(Vernon 2005 & Supp. 2006)). This Opinion refers to the statute as it appears in the Civil
Practice and Remedies Code to the extent the current version of the Medical Liability Act
does not conflict with the version of the statute in effect when Pollard filed her suit.