# NO. 12-21-00189-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF  D.H.L.,* | § | *APPEAL FROM THE* |
| *A CHILD* | § | *COUNTY COURT AT LAW* |
| | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

C.W.H., the father of the minor child, D.H.L., appeals the trial court's order in a suit to modify the parent-child relationship.  We affirm.

## BACKGROUND

The child's mother, L.H., filed a motion to modify, in which she sought appointment as conservator with the right to designate the child's primary residence.  After conducting a hearing, the trial judge signed an order appointing L.H. sole managing conservator of D.H.L. and appointing C.W.H. as possessory conservator.  The order also stated that C.W.H. is not required to pay child support during his incarceration, but that upon his release from incarceration, C.W.H. must "pay guideline child support based upon a minimum wage for a 40[-]hour work week of an employed W-2 wage earner or guideline support based upon his actual net resources, whichever is greater," and the first payment would become due ninety days after his release.  This pro se appeal followed.

## ADEQUATE BRIEFING ON APPEAL

An appellate brief must concisely state all issues or points presented for review.  TEX. R. APP. P. 38.1(f).  In addition, an appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.  TEX. R. APP. P. 38.1(i).  Although we are to liberally construe pro se briefs, pro se litigants are held to the same

standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would have an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.); *Giddens v. Brooks*, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied). Specifically, pro se litigants must comply with the rule requiring adequate briefing and citations to the record. *Redmond v. Kovar*, No. 09-17-00099-CV, 2018 WL 651272, at *2 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.). Bare assertions of error, without argument, authority, or substantive analysis of the legal issues waive error and present nothing for review on appeal. *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.); *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). An appellate court has no duty to brief issues for an appellant, and if we were to do so, "we would be abandoning our role as neutral adjudicators and become an advocate for that party." *In re A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied).

C.W.H.'s brief and supplemental briefs do not contain a statement of the issues, and they lack citations to any legal authorities. C.W.H. has failed to identify issues for review, and his briefs do not contain citations to any legal authorities. *See* TEX. R. APP. P. 38.1(f), (i). We have no duty to brief issues on C.W.H.'s behalf. *See In re A.E.*, 580 S.W.3d at 219. Because C.W.H. failed to comply with the requirements of Rule 38 of the Texas Rules of Appellate Procedure, he waived his complaints. *See* TEX. R. APP. P. 38.1; *Redmond*, 2018 WL 651272, at *2.

## DISPOSITION

Having concluded that C.W.H. filed briefs that do not comply with the requirements of the Texas Rules of Appellate Procedure and that C.W.H. therefore failed to present issues for review, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered July 20, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2022**

**NO. 12-21-00189-CV**

**IN THE INTEREST OF D.H.L., A CHILD**

Appeal from the County Court at Law
of Smith County, Texas (Tr.Ct.No. 06-1350-D/E)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*