In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00019-CV
_____

DAVID PETE, Appellant

V.

COMMUNITYBANK OF TEXAS, N.A. and ALAN CRAMER
INVESTMENTS, INC., Appellees

_____

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-201,391-A**
_____

**MEMORANDUM OPINION**

David Pete appeals the trial court's final summary judgment in favor of
Appellee CommunityBank of Texas, N.A. (the Bank), claiming that the trial court
abused its discretion in finding in favor of the bank.[1] We affirm.

_____

[1] David and Cecile Pete were both named as Plaintiffs in the trial court below.
Only David filed a notice of appeal.

1

Background

In 2008, David and Cecile Pete borrowed money from the Bank to finance the purchase of a house. David and Cecile failed to make payments as agreed on the loan, and the Bank declared them in default, but later reinstated the loan allowing David and Cecile to make further payments. There were further defaults and a total of three reinstatements.[2] The maturity date of the final reinstatement was July 2, 2013. When David and Cecile again failed to make their payments on their third reinstatement in 2013, the Bank again declared them in default and proceeded to foreclose on the house. Alan Cramer Investments bought the home at a foreclosure sale on March 4, 2014.

On March 2, 2018, David and Cecile filed Plaintiffs' Original Petition against the Bank and Alan Cramer Investments alleging claims for wrongful foreclosure, breach of contract, Debt Collection Act violations, and negligence.[3] In November of 2021, the Bank filed a Motion for Summary Judgment and moved for a no-evidence

---

[2] The record reflects three reinstatements: one on March 10, 2010, one on April 7, 2011, and one on May 1, 2012.

[3] In his appellate brief, David alleges he and Cecile filed suit on March 17, 2016. The clerk's record on appeal shows the Plaintiffs' Original Petition was filed on March 2, 2018. The summary judgment evidence also shows that David and Cecile had previously filed a federal court action against the Small Business Administration and the Bank, and that suit was voluntarily dismissed July 5, 2016. In the Bank's Summary Judgment Motion, the Bank alleged that in the federal suit, the SBA provided information showing that David and Cecile were defrauded by a person who was allegedly helping find a lender to refinance their home, but that person stole their money, and he was prosecuted for his fraudulent scheme.

and traditional summary judgment, arguing that David and Cecile's claims for negligence and debt collection violations were barred by the two-year statute of limitations, and that David and Cecile had produced no evidence of one or more elements of their breach of contract and wrongful foreclosure claims. The Bank argued that summary judgment was proper as to all of David and Cecile's claims against the Bank, and the Bank was entitled to a judgment as a matter of law. David and Cecile did not file a response to the motion for summary judgment.

On November 30, 2021, the trial court held a hearing on the Bank's Motion for Summary Judgment. David Pete appeared pro se at the hearing, and Cecile Pete was also present. David presented a verbal argument at the hearing. The Bank presented its argument, and the Bank reminded the trial court that David and Cecile had not filed a response to the Bank's traditional and no-evidence Motion for Summary Judgment. After hearing arguments, the trial court took the matter under advisement. On December 16, 2021, the trial court signed an Order granting the Bank's motion for summary judgment and dismissing David and Cecile's claims against the Bank in Cause No. D-201,391, and the trial court also included severance language, severing the summary judgment and David and Cecile's claims against the Bank into Cause No. D-201,391-A, making the judgment in favor of the bank a final appealable judgment. Only David filed a notice of appeal. Cecile Pete and Alan Cramer Investments are not parties to this appeal.

On January 12, 2022, David filed a pro se notice of appeal. He also filed a pro se brief on appeal.

Standard of Review

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review we take as true all evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The Bank filed a combined traditional and no-evidence summary judgment motion. *See* Tex. R. Civ. P. 166a(c), (i). When a party files a hybrid summary judgment motion on both no-evidence and traditional grounds, we first consider the trial court's no-evidence summary judgment. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). If the non-movant fails to meet its burden under the no-evidence motion, we need not address issues related to the traditional summary judgment motion. *Id.* (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)).

We review no-evidence motions under the same legal sufficiency standard as a directed verdict. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims. *Id*. If the

4

nonmovant does not file a timely response to the no-evidence motion for summary judgment, the trial court must grant the motion provided it meets the requirements of Rule 166a(i). *See* Tex. R. Civ. P. 166a(i) (stating that the trial court must grant a no-evidence motion for summary judgment "unless the respondent produces summary judgment evidence raising a genuine issue of material fact[]"); *Helena Chem. Co. v. Cox*, 664 S.W.3d 66, 72 (Tex. 2023). A genuine issue of material fact exists if the evidence "'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Parker*, 514 S.W.3d at 220 (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Evidence does not create an issue of material fact if it is "'so weak as to do no more than create a mere surmise or suspicion'" that the fact exists. *See id.* (citing *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)).

David and Cecile never filed a response to the Bank's motion for summary judgment, and they did not present any evidence to the trial court. On appeal, their appellate brief fails to comply with Rule 38.1(i). The Appellant's brief cites the wrong standard of review,[4] and it fails to identify the issues or points for this Court's

---

[4] Appellant's brief states, "This case should be examined under an abuse of discretion standard[,]" without citation to legal authority. *See* Tex. R. App. P. 38.1(i) (requiring an appellate brief to include "appropriate citations to authorities and to the record[]").

5

review or to support those issues with citations to the record and to authority. *See* Tex. R. App. P. 38.1(f), (i); *Cantey Hanger, LLP*, 467 S.W.3d at 481.

Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). The brief must articulate the issues we are to decide, and it fails to comply with the rules if we must speculate or guess about the appellant's issues. *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at **4-6 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (citing *Lee v. Abbott*, No. 05-18-01185-CV, 2019 Tex. App. LEXIS 3601, at *3 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.)). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.*; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that an appellate court has no duty to perform an independent review to search for possible error).

To comply with Rule 38.1, an appellant must cite existing and relevant legal authority and apply the facts to the cited law to show how the trial court committed

error. *See* Tex. R. App. P. 38.1(i); *Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (explaining that the appellant bears the burden of discussing his assertions of error). Even if we liberally construe the Appellant's brief, it does no more than generally argue the trial court erred in granting the Bank's motion for summary judgment. Due to the inadequacy of his brief, and his failure to make any complaints known to the trial court, Appellant has waived his complaints on appeal. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) ("error may be waived by inadequate briefing[]"); *Golden*, 2022 Tex. App. LEXIS 2988, at **9-10; *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error.").

Here, Appellant's brief omits a statement of issues and lacks a "clear and concise argument . . . with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Additionally, the Appellant's Brief was filed after the deadline provided by the appellate briefing schedule and without filing a motion for leave to late file the brief. Having failed to adequately brief any issue on appeal, we conclude that Appellant has not preserved error nor presented anything for our review. *See Golden*, 2022 Tex. App. LEXIS 2988, at **9-10. We affirm the trial court's judgment.

AFFIRMED.

                                        LEANNE JOHNSON
                                             Justice

Submitted on March 22, 2023
Opinion Delivered November 30, 2023

Before Horton, Johnson and Wright JJ.