In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00376-CV**
_____

**BRANDON CEASER, Appellant**

**V.**

**HEATHERBROOK APARTMENTS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 23CCCV0661**

**MEMORANDUM OPINION**

In this appeal of an eviction proceeding, pro se Appellant Brandon Ceaser ("Appellant" or "Ceaser") appeals the trial court's judgment in favor of Appellee Heatherbrook Apartments ("Appellee" or "Heatherbrook Apartments") for past due rent and late fees of $5,472 and reasonable and necessary attorney fees of $2,000. As explained below, we affirm.

1

## Background and Pleadings

Heatherbrook Apartments, Ceaser's landlord, filed an eviction proceeding in Justice of the Peace Court Precinct Two in Jefferson County, Texas, to recover possession of the premises and past due rent and court costs. The Justice of the Peace entered a default judgment in favor of Heatherbrook Apartments, and Ceaser appealed the default judgment to the County Court at Law No. 1. After a bench trial, the trial court signed a judgment, providing in relevant part as follows:

> . . . . The Court considered the evidence and finds that [Ceaser] vacated and surrendered the premises on November 14, 2023, was in default under the lease, that [Ceaser] had failed to comply with Texas Property Code Sections 24.0053 and 24.0054 by failing to pay rent during the appeal, and that Heatherbrook Apartments is entitled to recover $5,472.00 as past due rent and late fees, $2,000 as reasonable and necessary attorney fees, and immediate possession of the property from [Ceaser].
>
> It is therefore ORDERED, ADJUDGED and DECREED that Plaintiff, Heatherbrook Apartments, have and recover from the Defendant, Brandon Ceaser the amount of $5,472.00 as past due rent and late fees, $2,000 as reasonable and necessary attorney fees, and possession of the premises . . . from Defendant, Brandon Ceaser, for which let a writ of possession issue.

Ceaser timely appealed the trial court's judgment to this Court.

## Analysis

On appeal, Ceaser filed a pro se brief, and in it he argues that the trial court erred in granting the judgment in favor of Appellee because Ceaser had an "inability to pay." In his brief he fails to clearly identify how the trial court erred, and he fails

2

to support his arguments with citations to the record and to appropriate legal authority. *See* Tex. R. App. P. 38.1(f), (i).

Appellant was pro se in the lower court proceedings, and he is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). The brief must articulate the issues we are to decide, and a brief fails to comply with the rules if we must speculate or guess about the appellant's issues. *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, & 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (citing *Lee v. Abbott*, No. 05-18-01185-CV, 2019 Tex. App. LEXIS 3601, at *3 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.)). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.*; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that in a civil matter an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine if there was error).

To comply with the Rules of Appellate Procedure, an appellant must cite existing and relevant legal authority and apply the facts to the cited law to show how the trial court committed error. *See* Tex. R. App. P. 38.1(i); *Broussard v. Vicknair*, No. 09-21-00391-CV, 2023 Tex. App. LEXIS 9371, at *43 (Tex. App.—Beaumont Dec. 14, 2023, no pet.) (mem. op.); *Golden*, 2022 Tex. App. LEXIS 2988, at *9. Due to the inadequacy of his brief, and his failure to identify applicable law and apply the law to the facts of this case, we conclude that Appellant has waived his complaints on appeal. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) ("error may be waived by inadequate briefing[]"); *Golden*, 2022 Tex. App. LEXIS 2988, at *9 (citing *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error.")); *Atkins-January v. State Off. of Risk Mgmt.*, No. 09-16-00439-CV, 2017 Tex. App. LEXIS 7330, at *5 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.). Accordingly, we overrule Appellant's issues, and we affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on April 10, 2024
Opinion Delivered April 25, 2024

Before Horton, Johnson and Wright, JJ.

4