

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00071-CV

---

RICHARD JONES, APPELLANT

V.

ALLIANCE CREDIT UNION (CFO), APPELLEE

---

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. DC-2024-CV-1593, Honorable John C. Grace, Presiding

---

June 18, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Richard Jones,[1] proceeding pro se, appeals from a judgment dismissing his claims against appellee Alliance Credit Union pursuant to Texas Rule of Civil Procedure 91a. *See* TEX. R. CIV. P. 91a (authorizing dismissal of cause of action on ground that it has no basis in law or fact). We affirm.

---

[1] Appellant also identifies himself as Richard M. Jones, Richard-M:Jones, and Richard-Myron: Jones.

In August of 2024, Jones completed an application for a vehicle loan for $99,122.74 from Alliance. Nothing in the record indicates that Alliance approved or otherwise acted on the application. Jones then filed a lawsuit against Alliance alleging that he had "tendered a negotiable instrument," and that Alliance "refused to carry out fiduciary duties" for Jones and "also refused to carry out the accord and satisfaction performance." Alliance filed a motion to dismiss the case pursuant to Rule 91a asserting that no facts supported a breach of contract claim or a breach of fiduciary duty claim. The trial court granted the motion and Jones appealed.

We construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed"). Even so, pro se appellants are held to the same standards as appellants who are represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). The failure to provide citations, argument, and analysis as to an appellate issue may waive the issue. *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015).

In his one-page argument to this Court, Jones makes five assertions, which we recite here verbatim: "(1) TRCP 91a Was Improperly Applied to a Case Requiring Fact-Finding, (2) The Court Ignored Unrebutted Evidence, Making the Dismissal Improper, (3) The Court Failed to Acknowledge Federal and Commercial Law, (4) The Bank Was Required to Accept Appellant's Application, and (5) Alliance Credit Union Violated Federal Reserve Act Section 16." None of these issues is supported by record references, citations to legal authority, or meaningful analysis, which Jones had the burden to provide.

2

*See* TEX. R. APP. P. 38.1(i) (requiring briefs to include "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

Given the absence of both analysis and authority, we conclude that Jones has presented nothing for our review on appeal and has waived review of his complaints.[2] *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (point may be waived due to inadequate briefing). Accordingly, we overrule Jones's issues and affirm the judgment of the trial court.

Judy C. Parker
Justice

---

[2] After Jones filed his first brief, we notified him that the brief was deficient and directed him to file an amended brief that complied with the Texas Rules of Appellate Procedure. Jones then filed an amended brief, but it too is deficient.