**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00307-CV**

_____

**IN THE INTEREST OF W.A.L., J.B.L., AND V.E.L.**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-04-04951-CV**

**MEMORANDUM OPINION**

Mother appeals from a Final Order in Suit to Modify Parent-Child Relationship naming Father sole managing conservator and Mother possessory conservator of three minor children, W.A.L., J.B.L. and V.E.L.[1] Mother complains she was denied due process and effective assistance of counsel when she was forced to proceed to trial without an attorney, and she claims the trial court erred in

---

[1]To protect the identity of the children, we use initials for the children and refer to the parents as "Mother" and "Father." *See* Tex. R. App. P. 9.8(b)(2).

1

admitting "demonstrably false sworn testimony" and "documents containing demonstrably forged signatures." We affirm.

## Background

After the parties were named joint managing conservators in April 2022 based on a 2018 Mediated Settlement Agreement, Father filed a Motion to Modify Parent-Child Relationship asserting there had been a material and substantial change since the parties entered into the MSA. Mother answered and filed a counterpetition, and the case was set for trial in November 2022. The parties filed a Joint Motion for Continuance, and trial was reset for January 2023. Mother filed a motion for continuance, and trial was reset for March 2023. Mother's trial counsel filed a motion to withdraw and asked that the court continue the case to give Mother time to secure new counsel. The motion to withdraw was granted on March 28, 2023, trial was reset for May 2023, and the court issued a Notice of Intent to Dismiss if one of the parties did not file a timely motion to retain the case on the docket.

Representing herself, Mother filed a motion for continuance indicating she needed time to hire a lawyer. Because neither side filed a timely motion to retain, the case was dismissed without prejudice but was reinstated at Father's request. After reinstatement, trial was set for June 5, 2023, but was soon reset for June 26, 2023. According to the Amended Docket Control Order, the deadline for filing a motion for continuance was June 12, 2023.

2

On June 15, 2023, the trial court sent notice that the case would be called to trial before the associate judge at 9:00 a.m. on June 27, 2023. At 8:22 a.m. on June 27, 2023, Mother filed a motion for continuance asserting she had not retained counsel. The motion was not verified and did not indicate whether Mother had used diligence in seeking to retain counsel. When the case was called for trial that morning, it was brought to the associate judge's attention that Mother's counterpetition included an objection to having the final trial heard by the associate judge. The associate judge noted Mother had filed a motion for continuance which was not set for hearing, in response to which Mother indicated she was "in the process of hiring an attorney." After taking notice of the age of the case, the associate judge indicated that the case could be tried either that day with the associate judge or the following day with the presiding judge. After a short break, Mother indicated, "I'll go with [the presiding judge] tomorrow morning[.]"

On June 28, 2023, the presiding judge denied Mother's continuance as "untimely [and] unsworn[,]" and the case was tried to the court. A Final Order in Suit to Modify Parent-Child Relationship was signed in August 2023, and Mother timely appealed.

## Analysis

Mother represents herself on appeal. We liberally construe pleadings and briefs filed by a self-represented litigant. *Giddens v. Brooks*, 92 S.W.3d 878, 880-81

3

(Tex. App.—Beaumont 2002, pet. denied). Nevertheless, a self-represented litigant "is still required to comply with the law and rules of procedure." *Id*. "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

Mother presents six issues on appeal, three of which complain that the trial court engaged in misconduct and denied Mother due process and effective assistance of counsel by proceeding to trial "despite the absence of [Mother's] attorney[,]" two of which complain about the admission of "demonstrably" false evidence, and one of which complains that these were cumulative errors, warranting reversal of the judgment.

Mother's first, second and fifth issues relate to the trial court's denial of her motion for continuance. We will not disturb a trial court's denial of a continuance in the absence of a clear abuse of discretion. *In the Int. of A.E.M.,* No. 09-18-00288-CV, 2020 Tex. App. LEXIS 1439, at *48 (Tex. App.—Beaumont Feb. 20, 2020, no pet.) (mem. op.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Texas Rule of Civil Procedure 251

4

requires a motion continuance to demonstrate "sufficient cause supported by affidavit." Tex. R. Civ. P. 251. Mother's motion merely indicated she had not retained counsel; it included no facts from which the trial court could determine whether Mother had used due diligence in seeking to retain counsel during the three months between her attorney's withdrawal and the trial date, and it was not supported by affidavit. Although Mother's position on appeal appears to be that she had retained counsel who was unable to attend trial, her position in the trial court was that she had not yet retained counsel but was "in the process" of doing so. "[W]e do not consider factual assertions that appear solely in briefs and are not supported by the record." *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 789 (Tex. 2006).

Contrary to Mother's position on appeal, the trial court did not force Mother to trial in the absence of a retained attorney, nor did it deny Mother the opportunity to retain counsel. Rather, in the absence of evidence of due diligence, the trial court denied Mother's untimely and unsworn motion for continuance which was filed on the morning of trial, three months after Mother's counsel had withdrawn. The trial court did not act without reference to guiding rules or principles. In denying the motion for continuance, the trial court applied the requirements of Rule 251 and the Amended DCO, and we cannot say the trial court abused its discretion in doing so. We overrule Mother's first, second and fifth issues.

5

Mother's third issue asserts the trial court erred in admitting "documents containing demonstrably forged signatures[.]" Mother does not identify which documents were supposedly forged. "Courts are not required to comb through the record to find evidence to support a party's appellate issues, but nothing prevents courts from undertaking reasonable efforts to locate evidence described in a party's brief[.]" *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019). Upon reviewing of the record, we infer Mother's complaint about an allegedly forged document relates to Petitioner's Exhibit 20 which is a copy of a paycheck payable to Father. Father testified Mother went to his place of employment, and "they gave her my paycheck, [and] she signed the back of it and cashed that paycheck." Father testified Exhibit 20 was a copy of the front and back of the paycheck. When Exhibit 20 was offered into evidence, Mother objected, "That's not my signature." The trial court overruled Mother's objection and admitted the exhibit.

"We review a trial court's evidentiary rulings under an abuse of discretion standard." *In the Int. of A.E.M.*, 2020 Tex. App. LEXIS 1439, at *50. To establish the authenticity of a document, Texas Rule of Evidence 901(a) merely requires the proponent of the exhibit to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Tex. R. Evid. 901(a). Father's testimony that the exhibit was a copy of the front and back of the check met the threshold for establishing the authenticity of the exhibit, and Mother's objection denying the

6

authenticity of the signature on the back of the check constituted a challenge to the exhibit's weight and credibility, rather than its admissibility. The requirements of Rule 901(a) having been met, we cannot say the trial court abused its discretion in overruling Mother's objection and admitting Exhibit 20, leaving Mother free to continue to deny that she endorsed the check. We overrule Mother's third issue.

Mother's fourth issue asserts the trial court erred in admitting "the opposing party's demonstrably false sworn testimony about obtaining a house[.]" Mother does not cite where in the record the allegedly false testimony about a house can be found. Upon reviewing the record, we infer Mother's complaint relates to Father's testimony as follows:

> Q.     As far as your home, where are you going to be living?
>
> A.     I'm actually closing on a house [. . .] I should be closing July 17th, closing date they gave me it's a three bedroom, two bath 19 or 22 hundred square foot.
>
> Q.     It's a reasonably big house?
>
> A.     Yes. Nice house right down the street from [the elementary school]. It's about six, seven houses down so they can easily walk to school.

By failing to make a timely objection to this testimony, Mother failed to preserve her complaint for appellate review. *See* Tex. R. App. P. 33.1 (requiring the record to contain a timely objection by the complaining party and a ruling by the trial court). We overrule Mother's fourth issue.

7

In her sixth issue, Mother complains the cumulative effect of the foregoing alleged errors deprived her of a fair trial, warranting reversal of the judgment. The trial court's rulings, which we have found not to have been erroneous, could not have had an erroneous, cumulative effect on the judgment. We overrule Mother's sixth issue.

## Conclusion

Having overruled all of Mother's issues, we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on March 26, 2025
Opinion Delivered June 19, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.