In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00309-CV**
_____

**JEFF ALLEN MITCHELL, Appellant**

**V.**

**MELODY WEAVER, Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 24CCCV0675**

**MEMORANDUM OPINION**

Pro se Appellant Jeff Allen Mitchell ("Appellant" or "Mitchell") appeals from an Eviction Judgment rendered in favor of Appellee Melody Weaver ("Appellee" or "Weaver") that awarded Weaver $2,238 plus post-judgment interest against Mitchell. We affirm.

Background

The underlying lawsuit began on August 14, 2024, when Weaver, Mitchell's landlord, filed an eviction proceeding in the Justice of the Peace Court for Precinct

1

One in Jefferson County, Texas, to recover possession of the premises and past due rent and court costs. Therein, Weaver alleged that Mitchell then owed her $600 in delinquent rent, and that an eviction notice was placed "on the door & handed to renter" on or about July 5, 2024. After a hearing, the Justice of the Peace entered a judgment in favor of Weaver, and Mitchell appealed the judgment to the County Court at Law No. 1.

The case was set to be tried on September 3, 2024. Weaver appeared pro se, however Mitchell did not appear. Weaver told the trial court that Mitchell moved into her rental property on June 1, 2024, but when the July 1 rent was due, he did not pay. According to Weaver, as of the date of trial, Mitchell owed her $2,238.73, and she submitted a ledger in support of her claim.

After the hearing, the trial court signed an Eviction Judgment, stating in relevant part:

> . . . on September 3, 2024, the above-styled and numbered appeal of an eviction judgment from Justice Court, Precinct 1, Place 1, Jefferson County was called to trial. The plaintiff appeared pro se and announced ready for trial. The defendant did not appear. The Court, having heard the testimony and issues presented at trial, finds for the Plaintiff and against the Defendant. Plaintiff is entitled to Judgment against Defendant, for unpaid rents, costs of court and a Writ of Possession as per the details outlined below. Therefore, it is
> ORDERED, ADJUDGED AND DECREED that plaintiff is entitled to Judgment against the defendant in the amount of $2,238.00 for unpaid rent, costs of court, plus post-judgment interest. . . .

Mitchell timely appealed the trial court's judgment to this Court.

2

Analysis

On appeal, Mitchell filed a pro se brief, and in it he argues that he "held back" rent due to pests and plumbing problems in the rental unit. Weaver did not file a brief. Mitchell's brief fails to clearly identify how the trial court erred, and he fails to support his arguments with citations to the record and to appropriate legal authority. *See* Tex. R. App. P. 38.1(f), (i).

Appellant was pro se in the lower court proceedings, and he is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). The brief must articulate the issues we are to decide, and a brief fails to comply with the rules if we must speculate or guess about the appellant's issues. *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, & 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (citing *Lee v. Abbott*, No. 05-18-01185-CV, 2019 Tex. App. LEXIS 3601, at *3 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.)). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal

3

authorities that may support a party's position. *Id.*; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that in a civil matter an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine if there was error).

To comply with the Rules of Appellate Procedure, an appellant must cite existing and relevant legal authority and apply the facts to the cited law to show how the trial court committed error. *See* Tex. R. App. P. 38.1(i); *Broussard v. Vicknair*, No. 09-21-00391-CV, 2023 Tex. App. LEXIS 9371, at *43 (Tex. App.—Beaumont Dec. 14, 2023, no pet.) (mem. op.); *Golden*, 2022 Tex. App. LEXIS 2988, at *9. Due to the inadequacy of his brief, and his failure to identify applicable law and apply the law to the facts of this case, we conclude that Appellant has waived his complaints on appeal. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) ("error may be waived by inadequate briefing[]"); *Ceaser v. Heatherbrook Apts.*, No. 09-23-00376-CV, 2024 Tex. App. LEXIS 2901, at **2-4 (Tex. App.—Beaumont Apr. 25, 2024, no pet.) (mem. op.) (affirming an eviction judgment where pro se appellant failed to state how the trial court erred). Accordingly, we overrule Appellant's issues, and we affirm the trial court's judgment. *See Ceaser*, 2024 Tex. App. LEXIS 2901, at **2-4.

4

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on June 23, 2025
Opinion Delivered July 24, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.