**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00043-CV**
_____

**DWAYNE MCQUEEN, Appellant**

**V.**

**ZARVONA ENERGY LLC, JPMORGAN CHASE BANK, N.A.,
OCCIDENTAL PETROLEUM CORPORATION,
AND AMARADO OIL COMPANY, LLC, Appellees**

_____

**On Appeal from the 88th District Court
Tyler County, Texas
Trial Cause No. 27,001**

_____

**MEMORANDUM OPINION**

Dwayne McQueen, who appeared pro se at the trial court level and on appeal, appeals the trial court's order granting Zarvona Energy LLC's, JPMorgan Chase Bank, N.A.'s, Occidental Petroleum Corporation's, and Amarado Oil Company, LLC's (collectively, the "Appellees'") Rule 91a motions to dismiss. As explained below, we affirm.

1

Background

McQueen has asserted rights to lands in Tyler County that have been operated by Zarvona for the production of oil and gas for nearly a decade. In 2014, McQueen raised claims against Zarvona's predecessor, Anadarko E&P Onshore, LLC. Anadarko obtained a permanent injunction against McQueen, enjoining him from coming within ten yards of any Anadarko oil or gas well in Tyler County or within 100 yards of Anadarko's field office.

Zarvona succeeded Anadarko as operator of the oil and gas wells in February 2016. In January 2017, McQueen filed a pro se lawsuit against Anadarko and Zarvona in Tyler County. McQueen claimed that his family owned an interest under a 1950 oil and gas lease that expired in 1955. The trial court granted summary judgment for Anadarko and Zarvona in February 2019.

In 2023, McQueen sued Appellees for claims of (1) trespass to try title; (2) trespass; (3) breach of express and implied covenants; (4) constitutional violations; (5) suit to quiet title; (6) conversion; (7) theft; (8) non-payment of royalties; (9) fraud; (10) security interest fraud; (11) negligence; (12) tampering with oil and gas equipment; (13) robbery; and (14) larceny. McQueen's petition was based on his belief that he owns rights under the expired 1950 oil and gas lease.

Occidental filed a Rule 91a motion to dismiss all of McQueen's claims. Zarvona, JPMorgan, and Amarado jointly filed their own Rule 91a motion to dismiss

all of McQueen's claims. The Rule 91a motions asked the trial court to dismiss McQueen's claims because he either (1) pleaded too few facts in his petition to demonstrate a legally cognizable claim to relief, (2) pleaded facts that no reasonable person could believe, (3) lacked standing to assert the claims plead, or (4) pleaded facts and attached exhibits to his petition that conclusively negated essential elements of his claims. The trial court granted the Rule 91a motions and dismissed McQueen's claims with prejudice. McQueen then filed this appeal.

Analysis

On appeal, McQueen filed a pro se brief presenting eight issues:

(1) Whether the district court made errors in its findings of facts, application, [a]nd conclusion of the law regarding the Plaintiff's Original Complaint (Trespass to try Title and Trespass) to adjudicate title, rights, and interest[;] (2) Whether the district court abused its discretion; (3) Whether the district court made a judicial error[;] (4) Whether plaintiff presented sufficient evidence to establish title, rights and [i]nterest according to Texas Property Code Section[s] 22.001, 22.001(a), 22.002, 22.003, and Penal Code Section 30.05[;] (5) Whether the lease of Plaintiff Dwayne McQueen (Lessee) is valid and in [e]ffect but in suspension according to the terms, provisions implied and express covenants of the lease[;] (6) Whether the Defendants' leases outside the subject property terminated [a]nd/or have been in termination because the Defendants don't have consent, [a]uthorization, nor possess a legally valid signed lease assignment, pooling [a]greement, or joint operating agreement with Plaintiff Dwayne McQueen (Lessee)[;] (7) Whether the Plaintiff's Constitutional Rights have been violated as a mineral [i]nterest owner, leasehold estate owner, and property owner in the State of Texas[;] (8) Whether the Plaintiffs are entitled to the relief in Plaintiff's Original Complaint according to equity and law as per Texas Property Code Section[s] 22.001, 22.001(a), 22.002, and 22.003.

3

Appellant was pro se in the lower court proceedings, and he is pro se on appeal. We liberally construe pleadings and briefs filed by a self-represented litigant. *Giddens v. Brooks*, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied). Nevertheless, a self-represented litigant "is still required to comply with the law and rules of procedure." *Id*. "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i); *see Ross v. St. Luke's Episcopal Hosp*., 462 S.W.3d 496, 500 (Tex. 2015). A brief does not adequately comply with this rule "if we must speculate or guess about the appellant's issues." *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.). Waiver may result from an appellant's "[f]ailure to provide citations or argument and analysis as to an appellate issue[.]" *Ross*, 462 S.W.3d at 500. We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's

4

position. *Golden*, 2022 Tex. App. LEXIS 2988, at \*4; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that in a civil matter an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine whether there was error).

McQueen's brief does not comply with the requirements of Rule 38(i). *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). The brief makes many assertions of fact, but none is supported by a reference to the record. And although the brief contains rote recitations of law, it does not explain how the law applies to any facts in this case. McQueen's claims were dismissed under Rule 91a, but his brief never mentions Rule 91a. Put simply, McQueen's brief does not show how the facts and applicable law demonstrate that the trial court erred in dismissing his claims.

Due to the inadequacy of his brief, and his failure to apply the applicable law to the facts of this case, we conclude Appellant has waived his complaints on appeal. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) ("error may be waived by inadequate briefing[]"); *Golden*, 2022 Tex. App. LEXIS 2988, at \*9 (citing *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error.")); *Atkins-January v. State Off. of*

5

*Risk Mgmt.*, No. 09-16-00439-CV, 2017 Tex. App. LEXIS 7330, at *5 (Tex. App.—

Beaumont Aug. 3, 2017, no pet.) (mem. op.). Accordingly, we overrule Appellant's

issues, and we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on August 22, 2025
Opinion Delivered November 13, 2025

Before Golemon, C.J., Wright and Chambers, JJ.