**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00307-CV**
_____

**LOUIS BENJAMIN GALYNSKY, Appellant**

**V.**

**JANEICE THOMAS, Appellee**

_____

**On Appeal from the 457th District Court**
**Montgomery County, Texas**
**Trial Cause No. 24-01-00801-CV**
_____

**MEMORANDUM OPINION**

Appellant, Louis Benjamin Galynsky, appeals from the dismissal of his defamation and malicious prosecution claims against Appellee, Janeice Thomas, pursuant to the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-.011. Because Galynsky failed to establish a prima facie case of either claim in response to Thomas's motion to dismiss, we affirm.

1

Background

Galynsky filed suit against Thomas alleging she maliciously and intentionally called 911 "to retaliate against [Galynsky] for his lawful actions[]" when she knew there "was no authentic emergency[]" and then "engage[d] in a defamatory campaign against [Galynsky], posting false and damaging information about him on various social media platforms, including Facebook." Liberally construed, Galynsky's petition asserts claims for defamation and malicious prosecution along with a variety of others, including intentional infliction of emotional distress, theft, negligence, trespass to chattels, and violation of civil rights.[1]

Thomas filed an answer denying Galynsky's claims and seeking sanctions because Galynsky's petition was groundless and filed in bad faith or for the purpose of harassing Thomas. Thomas also filed a pleading containing two separate motions to dismiss, one pursuant to Texas Rule of Civil Procedure 91a, and one pursuant to the TCPA. *See* Tex. R. Civ. P. 91a; Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-.011. Thomas sought dismissal under Rule 91a because "the allegations, taken as true, together with inferences reasonably drawn from them do not entitle [Galynsky] to the relief sought." Thomas sought dismissal under the TCPA because Thomas's

---

[1]Galynsky appeared pro se in the trial court and this Court. Although a self-represented litigant "is still required to comply with the law and rules of procedure[,]" we liberally construe pleadings and briefs filed by such a litigant. *Giddens v. Brooks*, 92 S.W.3d 878, 880-81 (Tex. App.—Beaumont 2002, pet. denied).

911 call was protected as an exercise of her right to petition, and her social media posts were protected as an exercise of her right of free speech.

Galynsky filed a response asserting, "In the previous trial, [Thomas] lied under oath about everything that led up to me being at her place of residence[.] She also lied about sexual encounter(s) between her and I. There are multiple cases within that trial where [Thomas] blatantly lied in an attempt to have [me] convicted." Galynsky's response alleged Thomas's actions caused emotional distress and damage to his reputation. No evidence was attached to Galynsky's response.

The trial court signed an order which states, "Having considered [Thomas's] Rule 91a Motion to Dismiss, [Thomas's] Motion to Dismiss pursuant to the Texas Citizen's Participation Act, and [Thomas's] Motion for Sanctions and any and all argument and evidence presented thereto, the Court now GRANTS the motions." The order dismisses Galynsky's claims with prejudice and awards Thomas $2,500 in sanctions and $4,295 in attorney fees, with additional fees in the event of an unsuccessful appeal by Galynsky.[2]

## Analysis

On appeal, Galynsky challenges only the dismissal of his claims for defamation and malicious prosecution. Because the trial court's order grants both of

---

[2]Galynsky does not challenge the sanctions or attorney fees awarded to Thomas.

Thomas's motions to dismiss, we may affirm if either was meritorious. We will first review dismissal under the TCPA, and if necessary, Rule 91a. *See* Tex. R. App. P. 47.1 (requiring our opinion to address "every issue raised and necessary to final disposition of the appeal[]").

We use "a three-step decisional process[]" to determine whether dismissal of a claim is appropriate under the TCPA. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019). In the first step, we review whether the party moving for dismissal demonstrated that the legal action was based on or in response to that party's exercise of the right of free speech, the right to petition, or the right of association. *See id*.; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b). If so, we review in the second step whether the party resisting dismissal established a prima facie case for each element of the claim in question. *See Creative Oil*, 591 S.W.3d at 132; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). If so, we review in the third step whether the party seeking dismissal established a defense entitling it to judgment as a matter of law. *See Creative Oil*, 591 S.W.3d at 132; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d). We review de novo whether the parties have met their respective burdens under the TCPA's framework. *See Smith v. 2005 Tower LLC*, No. 09-22-00350-CV, 2024 WL 3616470, at *4 (Tex. App.—Beaumont Aug. 1, 2024, pet. denied) (mem. op.).

Thomas's motion to dismiss asserts Galynsky's legal action is based on or in response to Thomas's exercise of the right of free speech through social media posts and the right to petition the government by calling 911. Because Galynsky has never asserted otherwise, either in the trial court or on appeal, we need not analyze this issue, and we proceed to the second step of our TCPA review. *See* Tex. R. App. P. 47.1 (requiring our opinion to address "every issue raised and necessary to final disposition of the appeal[]").

A party seeking to avoid dismissal must "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). Galynsky asserts that he provided "substantial evidence of reputational damage and financial loss caused by [Thomas's] false statements[]" and that "[t]he trial court failed to consider the legal implications of [Thomas's] alleged false testimony, which directly led to [Galynsky's] wrongful arrest and subsequent damages." In his reply brief, Galynsky asserts that he "established such evidence through direct testimony and supporting affidavits outlining the false and defamatory statements made by [Thomas], which were communicated to third parties." Galynsky also asserts he "provided substantial evidence, including affidavits, demonstrating the loss of clients, business opportunities, and the mental anguish resulting from the defamation." However, Galynsky does not provide any record reference for these assertions. *See* Tex. R.

App. P. 38.1(g) (requiring a brief's statement of facts to be supported by record references). Briefing requirements aside, the record reveals no testimony, affidavits or other evidence was attached to Galynsky's response to Thomas's motions to dismiss. Dismissal was proper because Galynsky did not meet his burden under section 27.005(c) to provide clear and specific evidence of each element of his claims. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). Because the burden never shifted back to Thomas to establish a defense, we need not proceed to the third step of the TCPA review.

Conclusion

The trial court did not err in granting Thomas's TCPA motion to dismiss, because Galynsky did not establish by clear and specific evidence a prima facie case for each element of his claims. We need not address whether dismissal was also appropriate under Rule 91a. We overrule Galynsky's issues on appeal, and we affirm the trial court's dismissal order.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on May 29, 2026
Opinion Delivered June 18, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.

6